IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDDIE SANCHEZ,** | : | |
| Petitioner | : | |
| | : | No. 1:22-cv-00275 |
| v. | : | |
| | : | (Judge Kane) |
| **HERMAN QUAY,** | : | |
| Respondent | : | |

## MEMORANDUM

Pending before the Court is <u>pro se</u> Petitioner Freddie Sanchez ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). For the reasons set forth below, the petition will be dismissed without prejudice as moot.

**I.   BACKGROUND**

Petitioner, a former federal inmate, commenced the above-captioned action by filing his Section 2241 petition on February 23, 2022, while he was incarcerated at United States Penitentiary Allenwood in White Deer, Pennsylvania. (Doc. No. 1.) Although unclear, Petitioner appears to allege that he was originally given a referral for a placement of one-hundred and fifty-one (151) to one-hundred and eighty (180) days at a halfway house. (Doc. No. 1 ¶¶ 7–9.) Petitioner further alleges that this referral was later reduced to one (1) to thirty (30) days when he was sanctioned twice for the same infraction. (<u>Id.</u> ¶ 9.) As for relief, Petitioner requests that he be immediately released from federal custody and that his supervised release be dismissed. (<u>Id.</u> ¶ 15.)

On March 24, 2022, the Court, observing that Petitioner had paid the requisite filing fee in this matter (Doc. No. 4), deemed his petition filed and directed the Clerk of Court to serve a copy of the petition on Respondent. (Doc. No. 5.) Shortly thereafter, on April 5, 2022, Petitioner notified the Court of his new address, located in St. Lorain, Ohio. (Doc. No. 7.) As

reflected by the record, Petitioner was—at that time—residing at Oriana House, a halfway house under the supervision of the Cincinnati Residential Reentry Management Office.  (Id.; Doc. No. 8-1 at 3, ¶ 3.)  On April 8, 2022, Respondent filed a response to the petition, arguing, inter alia, that it should be dismissed as moot because Petitioner had been released to a Residential Reentry Center.  (Doc. No. 8.)

The Court has since reviewed the Federal Bureau of Prisons ("BOP") inmate locator, which reveals that Petitioner was released from federal custody on April 18, 2022.  The BOP inmate locator is available at the following website: https://www.bop.gov/inmateloc/.  This website reflects that Petitioner, having a "Register Number" of "66676-060," was "Released On: 04/18/2022."  See id.  Thus, on May 17, 2023, the Court issued an Order directing Petitioner to show cause why his petition should not be dismissed as moot.  (Doc. No. 10.)  As demonstrated by the Court's docket, Petitioner has not filed a response to that show cause Order, and the time period for doing so has passed.

**II.    DISCUSSION**

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)).  In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'"  See id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).  Consequently, "a habeas corpus petition

generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing DeFoy, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction" see id. (citations omitted), or sentence, see Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." See Abreu, 971 F.3d at 406 (citing Burkey, 556 F.3d at 148). Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" See id. (quoting Burkey, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey, 556 F.3d at 148).

Consistent with these principles, the Court finds that, while the instant petition is generally moot, as Petitioner was released from federal custody on April 18, 2022, Petitioner may still obtain judicial review of his federal sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. See id. Here, however, the Court finds that Petitioner has not demonstrated collateral consequences of his federal sentence, despite being afforded the opportunity to do so. (Doc. No. 10.) As a result, his petition is moot.

### III.  CONCLUSION

Accordingly, for the foregoing reasons, Petitioner's Section 2241 petition will be dismissed without prejudice as moot.  An appropriate Order follows.